IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WELTON ZOLICOFFER, )<br>)<br>Plaintiff, )<br>)<br>-v. )<br>)<br>UNITED STATES MARSHAL SERVICE,)<br>)<br>)<br>Defendant. ) | Case No. CIV-07-1362-F |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner appearing pro se,[1] brings this action alleging violations of his constitutional rights concerning his confinement by the United States Marshals Service at the Grady County Jail in Chickasha, Oklahoma. As relief, Plaintiff requests that the Marshal Service be ordered to move Plaintiff to a federal detention center that has better facilities. By order dated December 3, 2007, this matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Because Plaintiff has failed to comply with an order of this Court, the undersigned recommends that the complaint be dismissed without prejudice.

By Order dated December 6, 2007, the undersigned ordered Plaintiff to cure certain deficiencies with respect to his complaint on or before December 26, 2007, in order for this action to proceed.[2] Specifically, Plaintiff was directed either to pay the $350 filing

---

[1] Plaintiff alleges that on November 16, 2007, he was federal prisoner ("detainee") transferred from Houston, Texas, to Oklahoma City in transit to Los Angeles, California. Plaintiff alleges that upon arriving in Oklahoma, he was placed in the Grady County Jail, where certain conditions of confinement have violated his constitutional rights.

[2] The case was filed in this Court on December 3, 2007, upon transfer from the United States District Court for the Southern District of Texas.

fee or submit a motion for leave to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915. A copy of the form for an *in forma pauperis* motion was sent to Plaintiff with the December 6 order. Plaintiff was further ordered to file his civil rights action on the proper form approved by this Court, a copy of which was sent to the Plaintiff with the December 6 Order. A review of the Court file reveals that as of this date, Plaintiff has not cured the deficiency as ordered, requested an extension of time within which to do so, nor demonstrated good cause for his failure to respond to the Court's order. Moreover, the Court docket reflects that all of the mailings from this Court to Plaintiff have been returned undeliverable.[3]

Plaintiff's failure to comply with this Court's order combined with the Court's need to manage and control its caseload warrants dismissal of the complaint without prejudice to refiling. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (noting court has repeatedly upheld dismissals in situations where the parties have neglected their cases or refused to obey court orders).

## RECOMMENDATION

Accordingly, because Plaintiff has failed to comply with this Court's order, it is recommended that this action be dismissed without prejudice to refiling. Plaintiff is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by the 17th day of January, 2008, in accordance with 28 U.S.C. § 636

---

[3] The December 3 order of referral was returned on December 10 labeled "Return to Sender Not Deliverable as Addressed Unable to Forward." [Doc. No. 5]. Likewise, the docket sheet sent on December 3 was returned undeliverable and without a forwarding address. [Doc. No. 6]. The December 6 order, together with the enclosed forms, was also returned as undeliverable on December 14, 2007. [Doc. No. 7]. Although it appears that Plaintiff may have been transferred to another facility, Plaintiff has not filed a change of address with the Court as required pursuant to Local Civil Rule 5.5(a).

and Local Rule 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 28th day of December, 2007.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE